## Smith Estate

*Fronefield Crawford*, for petitioner.

*John R. Graham*, for respondent.

VAN RODEN, P. J., March 29, 1955.—This is a petition filed on behalf of the administrator of decedent's estate for leave to mortgage real estate allegedly owned by decedent in order to pay decedent's debts and expenses of administration. The sole issue involved is the real ownership of the property, the allegation of decedent's ownership having been controverted by the answer filed by respondent, who is an heir at law of decedent's predeceased wife.

The facts are not in dispute. Hugh L. Smith, decedent, and Mary E. Smith, his wife, acquired title to premises known as 223 Rockingham Road, Radnor Township, Delaware County, Pa., as tenants by the entireties, by deed dated June 10, 1929, and recorded in Delaware County deed book no. 767, page 18, ex. On August 23, 1954, decedent killed his wife and then committed suicide, both deaths occurring on the said date, but the wife died several hours prior to the husband's death. Although the parties have reserved the question of whether or not the killing of the wife by the husband was a willful and unlawful killing, nevertheless it has been stipulated that for the purpose of argument the court may assume that decedent was a "slayer" within the meaning of the Act of August 5, 1941, P. L. 816, 20 PS §3441 et seq., commonly referred to as the Slayers' Act.

Both parties died intestate. The wife had previously been married and left surviving issue of her prior marriages. Petitioner is the sole surviving issue of her marriage with decedent. Accordingly, if decedent died seised of the real estate in question, it descends unto petitioner alone, but if the real estate is an asset of the wife's estate, then all of her children are entitled to share equally.

Section 5 of the Slayers' Act, 20 PS §3445, provides as follows:

"One-half of any property held by the slayer and the decedent as tenants by the entirety shall pass upon the death of the decedent to his estate, and the other half shall be held by the slayer during his life, subject to pass upon his death to the estate of the decedent."

However, it appears quite clear that the act cannot be applied retroactively so as to affect previously acquired vested interest in real estate. See Wyckoff v. Clark et al., 77 D. & C. 249 (1951), and the cases therein cited.

Accordingly, unless decedent was barred by some provision of the law of this Commonwealth from becoming the sole owner of the real estate by right of survivorship, then the property in question constitutes an asset of his estate.

It has heretofore been judicially declared that under the common law the "public policy" of the Commonwealth of Pennsylvania did not exclude a slayer from participating in the victim's estate or from otherwise benefiting by reason of the victim's death: Moore, Admx., v. Prudential Ins. Co. of America, 342 Pa. 570 (1941) ; Prudential Ins. Co. of America v. Petril et al., 43 F. Supp. 768 (1942) ; Tarlo's Estate, 315 Pa. 321 (1934). (For a complete discussion of the state of the law prior to statutory enactment, see van Roden, The Pennsylvania Slayers' Act, Pa. Bar Assn. Quarterly, vol. XXII, page 48 et seq., Oct. 1950).

In Hamer v. Kinnan, 16 D. & C. 395 (1931), it was held that land held by husband and wife as tenants by entireties passes, upon the death of either spouse, to the survivor absolutely, and this rule is applicable even where the husband willfully murders his wife.

Likewise, in Wyckoff v. Clark, supra, where Judge Pinola held that the Slayers' Act does not operate retroactively, it was further held that where a husband and wife acquired title to real estate as tenants by entireties prior to the effective date of the Slayers' Act of 1941, the fact that the husband subsequently killed his wife and pleaded guilty to manslaughter would not prevent him from conveying good title to the property.

In the instant case the court holds that upon the death of Mary E. Smith, her husband, Hugh L. Smith, became the sole owner in fee simple of premises 223 Rockingham Road by right of survivorship, notwithstanding the fact that he was the slayer of his wife. Accordingly, upon his death which occurred a few

hours thereafter; the property descended unto his son, Hugh L. Smith, Jr., who is sole heir at law under the Intestate Act of 1947, 20 PS §1.3. Petitioner, being the administrator of decedent's estate as well as the sole heir at law, is entitled to mortgage the real estate for the purpose of paying decedent's debts and expenses of administration.

Accordingly, the court enters the following

### Decree

Now, to wit, March 29, 1955, upon consideration of the within petition and upon motion of Fronefield Crawford, attorney for petitioner, it is ordered, adjudged and decreed, that Hugh L. Smith, Jr., administrator of the estate of Hugh L. Smith, also known as Hugh Smith, be and he is hereby authorized to borrow a sum not to exceed $4,000 for the payment of decedent's debts and for administration expenses and to execute and deliver a bond, warrant of attorney and mortgage therefor secured upon premises described as follows: . . .

The mortgage proceeds to be accounted for by the administrator in the settlement of his account as such.

Security to be entered by the administrator in the sum of $3,000.